Last revised: **August 1, 2017**

U.S BANKRUPTCY COURT
FILED
TRENTON NJ

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

2017 JUL 10  P 12: 25

JEANNE A. NAUGHTON

BY: _____
DEPUTY CLERK

In Re:

Linda Katherine Anderson

Debtor(s)

Case No.: _____16-33220_____

Judge: _____Kathryn C. Ferguson_____

## Chapter 13 Plan and Motions

☐ Original

☐ Motions Included

☐ Modified/Notice Required

☒ Modified/No Notice Required

Date: _____June 30, 2017_____

## THE DEBTOR HAS FILED FOR RELIEF UNDER
## CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____    Initial Debtor: _____    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____ per _____ to the Chapter 13 Trustee, starting on
_____ for approximately _____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

☐    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

☐  Sale of real property
Description:

Proposed date for completion: _____

☐  Refinance of real property:
Description:
Proposed date for completion: _____

☐  Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

2

**Part 2:    Adequate Protection ☒ NONE**

a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ |
| DOMESTIC SUPPORT OBLIGATION | | |

b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: | | |

**Part 4:    Secured Claims**

**a.  Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c.  Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Chase Auto Finance<br>PO Box 901003<br>Fort Worth, Texas 76901 | 2014 Range Rover | 77,309 | 0.00 |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:   Unsecured Claims ☐ NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:   Executory Contracts and Unexpired Leases ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:   Motions ☒ NONE**

NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

**a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☐ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|----------|---------------------|--------------|----------------|---------------------|----------------------------|---------------------------------------------|------------------------------|
|          |                     |              |                |                     |                            |                                             |                              |

**b.  Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  ☐ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|----------|-----------|----------------|------------------------|----------------|--------------------------------------------|-----------------------------------------|
|          |           |                |                        |                |                                            |                                         |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ☒ NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|----------|-----------|----------------|------------------------|-----------------------------|----------------------------------------|
|          |           |                |                        |                             |                                        |

**Part 8:    Other Plan Provisions**

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) _____

3) _____

4) _____

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

8

**Part 9:   Modification   ☐ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: <u>December 19, 2016</u>.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| As per the Trustee No Discharge is being sought.<br>As per the Trustee I am surrendering a 2014 Range Rover to Chase Auto Finance | See Part 9 Section A |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☒ Yes   ☐ No

**Part 10:   Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: _____

Date: <u>June 30, 2017</u>

Date: _____

_____
Attorney for the Debtor

_____
Debtor

_____
Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: _____          _____
                                        Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: June 30, 2017 _____          _____
                                             Debtor

Date: _____          _____
                                        Joint Debtor

10

United States Bankruptcy Court
District of New Jersey

In re:                                                                Case No. 16-33220-KCF
Linda Katherine Anderson                                              Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin          Page 1 of 2          Date Rcvd: Jul 11, 2017
                             Form ID: pdf901       Total Noticed: 27

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 13, 2017.
db             +Linda Katherine Anderson,     70 Threadleaf Terrace,   Burlington Township, NJ 08016-4351
516559524      +Capital One,    POB 30285,    Salt Lake City, UT 84130-0285
516613971       Capital One Bank (USA), N.A.,    PO Box 71083,   Charlotte, NC  28272-1083
516933108      +Chase Auto Finance,    P.O. Box 901003,   Fort Worth, TX 76101-2003
516535003      +Gulshan Panjawani,    1 2nd Street 1712,   Jersey City, NJ 07302-4906
516559518       IRS Ctr.,    Kansas City, MO  64944-000
516559519       Intensive Supervision,    POB 974,   Trenton, NJ  08625-0974
516762382       JPMorgan Chase Bank, N.A.,    National Bankruptcy Dept,   P O Box 901032,
                 Ft Worth  TX  76101-2032
516694708      +MIDLAND FUNDING LLC,    PO Box 2011,   Warren, MI 48090-2011
516788844      +Marmaco Management LLC,    c/o Adam P. Fox, Esquire,   Capehart & Scatchard, PA,
                 8000 Midlantic Drive, Suite 300S,   Mount Laurel, NJ 08054-1543
516676744      +Marmaco Management, LLC,    The Presidential Center/   Grant Building - Suite 401,
                 101 Rt. 130,   Cinnaminson, NJ 08077-2845
516535005       NJ Lawyers Fund For Client Protection,    P.O. Box 961,   Trenton, NJ 08625-0961
516559521      +Penn Federal Credit Union,    POB 1400,   Alexandria, VA 22313-1400
516559523      +Target Card Svcs.,    POB 660170,   Dallas, TX 75266-0170
516559522      +Visa Total,    POB 5229,   Sioux Falls, SD 57117

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jul 11 2017 23:31:28     U.S. Attorney,    970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,   Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jul 11 2017 23:31:25     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
516762653       E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jul 11 2017 23:36:19
                 American InfoSource LP as agent for,   Verizon,    PO Box 248838,
                 Oklahoma City, OK  73124-8838
516551506       E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jul 11 2017 23:35:55     First Data Global Leasing,
                 by American InfoSource LP as agent,    PO Box 248838,   Oklahoma City, OK  73124-8838
516763172       E-mail/Text: bk.notifications@jpmchase.com Jul 11 2017 23:31:14     JPMorgan Chase Bank, N.A.,
                 National Bankruptcy Dept,    P O Box 29505- AZ1-1191,   Phoenix, AZ  85038-9505
516559520      +E-mail/Text: ext_ebn_inbox@navyfederal.org Jul 11 2017 23:32:22     Navy Fed. CU,    POB 3000,
                 Merrifield, VA 22119-3000
516565583       E-mail/Text: ext_ebn_inbox@navyfederal.org Jul 11 2017 23:32:22     Navy Federal Credit Union,
                 PO Box 3000,   Merrifield, VA 22119-3000
516535004       E-mail/Text: ext_ebn_inbox@navyfederal.org Jul 11 2017 23:32:22     Navy Federal Credit Union,
                 PO Box 3100,   Merrifield, VA 22119-3100
516734979       E-mail/Text: bkrgeneric@penfed.org Jul 11 2017 23:30:44     Pentagon Federal Credit Union,
                 P.O. Box 1432,   Alexandria, VA  22313
516788548       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 11 2017 23:36:18
                 Portfolio Recovery Associates, LLC,   c/o Capital One Bank, N.A.,    POB 41067,
                 Norfolk VA 23541
516676743      +E-mail/Text: BANKRUPTCY@PAWNEELEASING.COM Jul 11 2017 23:32:17     Pawnee Leasing corporation,
                 3801 Automation Way., Ste. 207,   Fort Collins, CO 80525-5735
516743026      +E-mail/PDF: gecsedi@recoverycorp.com Jul 11 2017 23:29:44     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
                                                                                     TOTAL: 12

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +NJ Lawyers' Fund for Client Protection,    P.O. Box 961,   Trenton, NJ 08625-0961
                                                                     TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 13, 2017                          Signature:  /s/Joseph Speetjens

District/off: 0312-3          User: admin              Page 2 of 2              Date Rcvd: Jul 11, 2017
                             Form ID: pdf901           Total Noticed: 27

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 11, 2017 at the address(es) listed below:
        Alan P. Fox    on behalf of Creditor    Marmaco Management, LLC afox@capehart.com,
        bankruptcy@capehart.com
        Albert  Russo    on behalf of Trustee Albert  Russo docs@russotrustee.com
        Albert  Russo    docs@russotrustee.com
        Denise E. Carlon    on behalf of Creditor    JPMORGAN CHASE BANK N.A. dcarlon@kmllawgroup.com,
        bkgroup@kmllawgroup.com
        Ruby D. Cochran    on behalf of Creditor    NJ Lawyers' Fund for Client Protection
        ruby.cochran@judiciary.state.nj.us
        U.S. Trustee.    USTPRegion03.NE.ECF@usdoj.gov
                                      TOTAL: 6